THOMAS M. KILLEEN, PLAINTIFF-RESPONDENT, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, DEFENDANT-APPELLANT.

Submitted October 16, 1931—Decided March 3, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the plaintiff-respondent, *Francis A. Gordon.*

For the defendant-appellant, *Henry H. Fryling (Harold F. Dorgeval,* of counsel).

PER CURIAM.

Plaintiff sued for personal injuries alleged to have been received by him in being struck by a bus owned and operated by the defendant. The jury awarded the plaintiff a verdict of $30,000, and defendant appeals.

Amongst the propositions advanced by the appellant is that the trial judge in his charge erroneously introduced into the case for the first time, pursuant to requests submitted by the attorney for plaintiff, certain theories of liability on the part of the defendant which were not alleged in the complaint and not tried out in the case.

The complaint alleged that on September 7th, 1929, defendant, in the negligent operation of its bus, struck down and ran over the plaintiff on Elizabeth avenue, at or near the intersection by Morrell street, in the city of Elizabeth. The answer denied the charge and, as a special defense, set up contributory negligence. The only proof in the plaintiff's case concerning the happening of the accident was given by the plaintiff and by a witness named Welch. The plaintiff testified that just before the accident, standing on the curb at the corner of Morrell street and Elizabeth avenue, he looked to his left, that is, to the east, and saw a bus just passing Catherine street—a street paralleling Morrell street and next to the east therefrom; that there was nothing else in sight and that he started to cross Elizabeth avenue; that about ten feet short of the trolley tracks he looked again to the east and saw the bus at a point half way between Catherine street and Morrell street; that he continued crossing the avenue and, just as he was about to step on the nearest rail, looked west and saw cars approaching from that direc-

tion, then looked east and saw that the bus was right on top of him, about a foot away; that the left side of the bus hit him; that he is positive that it was the bus; that there was no other car there. Welch testified that as he was standing at the northeast corner of Elizabeth avenue and Morrell street one of defendant's buses came along, that the witness heard a thud, turned and saw the plaintiff lying in the street between the east and west-bound tracks; that the rear end of the bus had just passed the plaintiff and that there was no other car to be seen.

The defense was that the defendant's bus had not struck or injured the plaintiff. During the defendant's case, and on its behalf, certain testimony, chiefly of remarks in the nature of *res gestæ,* gave the suggestion that the plaintiff had been hit by a sedan automobile that at the site of the accident had paralleled and passed the bus, going in the same direction as was the latter. But there appears to have been no contention, before the court's charge, that if the fact was as thus suggested the defendant was either primarily responsible as the originating cause, or jointly responsible as a joint tort feasor, for an injury inflicted by such other vehicle. That the trial judge had no such conception of the issue, but that, on the other hand, he regarded the issue as that which had been framed by the pleadings, sustained by plaintiff's proofs and contradicted in the defendant's testimony, namely, the striking down and injury of the plaintiff by the defendant's bus, quite clearly appears from this instruction given to the jury at the beginning of the charge:

"The plaintiff claims that the vehicle in question was owned by the defendant at the time, was being operated by its servant and so negligently operated that such negligence was the proximate cause of the plaintiff's injuries.

"There are four things the plaintiff must prove in this case in order to entitle him to a verdict at your hands. He must prove, first, that he was injured and damaged; second, that the injuries were caused by the negligence of the operator of the vehicle that struck him; third, that such negligence was the proximate cause of those injuries; fourth, that the

operator of the vehicle, that struck him and caused these injuries, was the servant or employe of the defendant. These things the plaintiff must prove, and he must prove them by a fair preponderance of the evidence before he can recover."

Toward the close of the charge the court paused to dispose of certain requests made by the plaintiff and then, in response to such requests, charged the jury in the manner complained of. Without reciting all of the matter objected to, we quote:

"The plaintiff has requested me to charge you as follows * * *: No. 1. If you find that the defendant was negligent and the negligent acts of its servants, agent, and employe contributed to the plaintiff's injury, then the defendant must respond in damages to the plaintiff, although the negligent acts of a third person may have contributed to the same results, and the comparative degree of culpability of the two will not affect the liability of either. If both were negligent in a manner and to a degree contributing to the result, they are liable jointly and severally.

"That is a correct statement of the law, and that, of course, applied to this case, would mean that if you did find, and if you believe that there was another car alongside of this bus, and that there is anything in the testimony to show that both of these vehicles were doing what a reasonably prudent and careful person would not have done and had no right to do, and that this accident arose because of that joint negligence and was proximately caused as the result thereof, then either or both of these would be guilty and responsible to this plaintiff."

The significance of this language is more apparent later in the charge:

"If you should find that there was another car at all and that both cars, or the actions of both drivers were negligent, and that in this joint negligent operation of the cars on the part of both, there was an injury to the plaintiff resulting, no matter which of the cars struck him, then, of course, that would not absolve the defendant from responsibility."

It is contended that this put to the jury the propriety of

its finding, should it so determine, that there was another vehicle than defendant's bus participating in the accident and that the drivers of these two vehicles were negligent in a way that was proximate to the accident and that would make the defendant company liable even though the plaintiff was in fact not struck by defendant's bus. We think that that is so. The dispute is not concerning the soundness of the propositions enunciated by the court as isolated legal principles; it is whether the pleadings and proofs were such as properly to invoke them. The only theory of negligence upon which a case can be submitted is the one alleged in the complaint. *Murphy* v. *Railway Co.,* 71 *N. J. L.* 5; *McPherson* v. *Hudson and Manhattan Railroad Co.,* 100 *Id.* 262. The theory of negligence thus presented to the jury was, according to the record, first brought forth in the charge. "The issue thus submitted was not within the pleadings. It was not within the issue framed. It was not fairly or fully tried out in the case. It is a well-settled rule of practice in the trial of civil cases that the questions submitted to the jury should be within the issues raised and framed by the pleadings." *Garibaldi* v. *Rubenstein,* 99 *Id.* 223, 224.

We find no other harmful error.

For the reason stated the judgment below will be reversed.